IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DARRYL BOWIE,** | } |
| | } |
| **Plaintiff,** | } |
| | } |
| v. | } CASE NO. 2:05-cv-1050-RDP |
| | } |
| **RONALD SIMS, et al.,** | } |
| | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

This case is before the court on Defendant Ronald Sims' Motion to Dismiss (Doc. # 9) filed November 14, 2005. The motion was under submission, without oral argument, as of November 29, 2005. For the reasons outlined below, the court finds that the motion is due to be granted.

**I.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d

1014, 1036 n.16 (11th Cir. 2001) (en banc)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original). Nevertheless, conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim. We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (internal citations omitted); *Kirwin v. Price Commc'ns. Corp.*, 274 F. Supp. 2d 1242, 1248 (M.D. Ala. 2003) ("[A]lthough the complaint must be read liberally in favor of the plaintiff, the court may not make liberal inferences beyond what has actually been alleged."), *aff'd in part*, 391 F.3d 1323 (11th Cir. 2004).

## II.     Relevant Facts

On July 8, 2002, this Court entered an Order adjudging the Personnel Board of Jefferson County (hereinafter the "Board") in contempt of Court, and appointing Defendant Sims as the Receiver of the Personnel Board. (*See United States v. Jefferson County*, No. CV-75-666 (N.D. Ala., July 8, 2002) (Doc. No. 935) (hereinafter "July 8, 2002 Order")). During his tenure as Receiver, Sims was vested with the powers and duties of the governing officials of the Board. Specifically, Sims was given authority to oversee, among other things, Board employees:

> POWERS OF RECEIVER — The Receiver shall have and exercise all authority necessary to ensure that the Personnel Board fully, faithfully, and lawfully complies in a timely, efficient, and cost-effective manner with all functions and obligations

> required of the Personnel Board by the terms of the Board's 1981 Consent Decree, as modified by the December 19, 1995 Modification Order, and Act No. 248, 1945 Acts of Alabama, as subsequently amended ("Act No. 248"). To these ends, the powers vested in the Receiver include, but are not limited to, the following:
> 
> (a)   full power to direct, control, operate, manage, and administer the property, funds, and employees of the Board;
> 
> (b)   all powers vested by Act No. 248 in the three members of the Personnel Board and Personnel Director, including the power to hire, promote, demote, transfer, and remove subordinates as necessary. . . .

(July 8, 2002 Order at ¶ 2 (footnotes omitted)). The duties assigned to Sims as Receiver included the following:

> DUTIES OF RECEIVER – The Receiver shall perform the financial, contractual, legal, administrative, and personnel duties of the Personnel Director and Personnel Board. These duties include, but are not limited to, the following:
> 
> (a)   preserve, protect, and administer all property, assets, and employees of the Board;
> 
> . . .
> 
> (g)   assess the present organizational structure of the Personnel Board, and design appropriate infrastructures, systems, and procedures that will institutionalize the ability to perform all functions -- and particularly the function so of developing and administering lawful selection procedures for hiring and promotion in the classified services of the county, municipalities, and appointing authorities served by the Board -- in an efficient, professional, and cost-effective manner
> 
> . . .
> 
> (k)   perform all other acts necessary to transform the Personnel Board into a strong and competent civil service agency with a clearly defined mission, the infrastructure, systems, and skills to support that mission, and, an agency that discharges all functions in an efficient, professional, and cost-effective manner in substantial compliance with all applicable federal and state laws and regulations

(July 8, 2002 Order at ¶ 3 (footnotes omitted)). Sims ceased exercising control over the Board on or around July 11, 2005. These powers have been returned to the local authorities from which they were taken. (*See United States v. Jefferson County*, No. CV-75-666 Second Revised Transition Plan at 13-16)(hereinafter "Transition Plan")).

On May 20, 2005, Plaintiff filed a complaint in this court alleging that the Board, and specifically Ronald Sims as Receiver, denied him promotions, retaliated against him for complaints of discrimination, terminated him, and subjected him to other adverse terms and conditions of employment in violation of Title VII, 42 U.S.C. § 1981, and the Fourteenth Amendment to the United States Constitution (through the vehicle of 42 U.S.C. § 1983). (Doc. # 1). Sims is sued in both his individual capacity and his official capacity as Receiver for the Board.

### III.  Discussion

Sims argues that Plaintiff's claims against him in both his official and individual capacities are due to be dismissed. The court agrees for the following reasons.

#### A.  Official Capacity Claims

The court finds that Plaintiff's claims against Sims in his official capacity are due to be dismissed because they amount to nothing more than claims against the Board as an entity. The law is well settled that "[o]fficial capacities suits are suits against state agencies, not against the people through whom agencies act." *Hobbs v. Roberts*, 999 F.2d 1526, 1530 (11th Cir. 1993); *see also Scott v. Taylor*, 405 F.3d 1251, 1254 (11th Cir. 2005) (noting that "[a]n official capacity suit against a government official is generally treated as a suit against the underlying government entity . . . ."). Plaintiff's claims against both Sims in his official capacity and the Personnel Board as an entity are redundant. "To impose official liability on a government entity amendable to suit, a plaintiff need do no more than name the government entity defendant; it is unnecessary also to name specific agents." *Hobbs*, 999 F.2d at 1530.

Plaintiff's argument that Sims is a necessary party to the litigation because he was sued in his "official capacity as the Receiver of the Personnel Board," or as "Agent of the Court," is nothing

4

more than a semantic squabble. (Plaintiff's Opposition at 1-2). Plaintiff attempts to create a distinction where none exists. This court made clear that Sims as Receiver "assumed the powers previously held by both the Personnel Director and three-member Personnel Board" and therefore "stepped into the shoes" of the Personnel Director and "exercis[ed] the authority of the three-member Board." (*Bowie v. Personnel Board of Jefferson County*, MC-03-RRA-2162-S (Doc. # 41, at 6, 8, 30 (November 8, 2005)). The parties do not dispute that Sims was "operating and managing the Personnel Board," (Plaintiff's Opposition at 3-4), when he allegedly performed the acts about which Plaintiff complains. Thus, there is no distinction between Sims as "Receiver," Sims as "Agent of the Court," and Sims as "the Board."

Moreover, Sims is no longer the Receiver of the Board – all of the powers he exercised in his day-to-day oversight of the Board, including the power to defend lawsuits, have been restored to the three members charged under Alabama state law with control of the Board. (Transition Plan at 13-16). Under Federal Rule of Civil Procedure 25(d), "[w]hen a public officer is a party to an action in an official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). Therefore, the Board – and not Sims in his official capacity – is the proper defendant in this case.

      **B.**    **Individual Capacity Claims**

Plaintiff's claims against Sims in his individual capacity are also due to be dismissed. As a threshold matter, the court notes that Plaintiff cannot maintain his Title VII discrimination and retaliation claims against Sims because "Title VII actions are not appropriately brought against government officials in their personal capacities. Such suits may be brought only against individuals

5

in their official capacity and/or the employing unit." *Yeldell v. Cooper Green Hosp., Inc.*, 956 F.2d 1056, 1060 (11th Cir. 1992); *see also Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.").

As to Plaintiff's other claims against Sims in his individual capacity, Sims argues, and the court agrees, that he is due judicial immunity. This court's appointment order granted Sims "the status of an officer and agent of this court," and vested him "with such immunities as by law vest with this court." (July 8, 2002 Order at ¶ 12). Eleventh Circuit law makes clear that court-appointed receivers are entitled to judicial immunity to the same degree as the appointing judge. *See, e.g., Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 602 (11th Cir. 1985) ("[C]ourt-appointed receivers . . . enjoy judicial immunity for acts within the scope of their authority, and that . . . authority extends to carrying out faithfully and carefully the orders of the appointing judge.").

Judicial immunity renders the officer absolutely immune from any suit – including one for money damages or injunctive/declaratory relief – arising out of the performance of his or her official duties: "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239, 1240-42 (11th Cir. 2000). Judicial immunity applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239; *see also Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (finding that members of parole board and individual parole officers were entitled to absolute judicial immunity from false imprisonment claims, even though revocation of plaintiff's parole was in error).

Plaintiff's argument that judicial immunity does not apply because Sims did not carry out his duties "faithfully and carefully" (Plaintiff's Opposition at 4) misses the mark. As noted above, the Eleventh Circuit has made clear that the *quality* or *efficacy* of the acts is not at issue – the only relevant question is whether the acts performed were within the scope of Sims' authority as Receiver. See *Property Management & Investments, Inc.*, 752 F.2d at 603-04; *Bolin*, 225 F.3d at 1239. Whether Sims' actions were erroneous, malicious, or discriminatory does not factor into the analysis. Unless Sims acted outside the scope of his appointed jurisdiction, judicial immunity applies. *Property Management & Investments, Inc.*, 752 F.2d at 603-04 ("Since nothing in the complaint indicated that [the receiver] had acted outside of his authority and thus was not immune from suit, the district court acted properly when it granted [the receiver's] 12(b)(6) motion to dismiss on grounds of immunity."); *see, e.g., Stump v. Sparkman*, 435 U.S. 349, 357 n.7 (1978)("If a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune").

In this case there is no dispute that Sims was acting within the scope of his authority as Receiver of the Board when he allegedly discriminated and retaliated against Plaintiff with regard to employment decisions. Sims was specifically given the "power to hire, promote, demote, transfer, and remove subordinates as necessary." (July 8, 2002, Order at ¶ 2 (footnotes omitted)). Accordingly, Sims is due judicial immunity from Plaintiff's claims against him in his individual capacity.

## IV.     Conclusion

For the reasons stated above, Defendant's motion to dismiss is due to be granted. A separate order granting that motion and dismissing the claims against Defendant Sims will be entered.

**DONE** and **ORDERED** this ____7th____ day of December, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE