FILED
2007 Oct-29  PM 04:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **DARRYL BOWIE,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **CASE NO. 2:05-cv-1050-RDP** |
| | } | |
| **PERSONNEL BOARD OF JEFFERSON** | } | |
| **COUNTY,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

The court has before it Defendant Personnel Board of Jefferson County's (the "Board") Motion for Summary Judgment (Doc. # 23) filed April 6, 2007.  The motion has been fully briefed and was deemed submitted, without oral argument, as of April 25, 2007.  Defendant's motion addresses only the limited - yet dispositive - issue of Board liability for the actions about which Plaintiff complains; the parties have agreed that the court should rule on the issue of Board liability as a threshold matter before the parties address the merits of Plaintiff's claims.  For the reasons outlined below, the court finds that the motion for summary judgment is due to be granted.

## I.    Legal Standards for Evaluating a Summary Judgment Motion

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R .CIV. P. 56(c).  The substantive law will identify which facts are material and which are irrelevant.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant.  *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for

the nonmoving party." *Anderson,* 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249. The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The method used by the party moving for summary judgment to discharge its initial burden on the motion depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick*, 2 F.3d at 1115–17 (citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991) (en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; *i.e.*, facts that would entitle it to a directed verdict if not controverted at trial. *See Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to

prove its case at trial.  Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to affirmatively show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question.  This method requires more than a simple statement that the non-moving party cannot meet its burden at trial.  But it does not require evidence negating the non-movant's claim; it simply requires that the movant point out to the district court that there is an absence of evidence to support the non-moving party's case.  *See Fitzpatrick*, 2 F.3d at 1115–16.  If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts.  *See Lewis v. Casey*, 518 U.S. 343, 358 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

## II.    Relevant Undisputed Facts[1]

On July 8, 2002, after having found the Jefferson County Personnel Board (the "Board") in civil contempt for failing to comply with various court orders, the Honorable Judge Lynwood Smith of the United States District Court for the Northern District of Alabama entered an order appointing Ronald R. Sims, Ph.D., as Receiver of the Board.  (*United States v. Jefferson County*, 2:75-CV-666-

---

[1] If facts are in dispute, they are stated in the manner most favorable to Plaintiff.  *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  However, when applicable, the court has noted what facts are in dispute.

CLS, Doc. # 935 (N.D.Ala. July 8, 2002) (the "Order" or "Judge Smith's Order").  Pursuant to the Order, Sims received "all powers vested by Act No. 248 (Enabling Act) in the three members of the Personnel Board and Personnel Director, including the power to hire, promote, demote, transfer, and remove subordinates as necessary." (*United States v. Jefferson County*, 2:75-CV-666-CLS, Doc. # 935, at 2, 11-12 (N.D.Ala. July 8, 2002); Sims Dep.(*Bowie* case) pp. 35-36; Sims Dep. (*Henry* case) pp. 13-14).

During his tenure as Receiver, Sims transferred employees within the Personnel Board, hired consultants, hired a Deputy Director, hired new employees, terminated employees, and created new teams. (October 10, 2006 Bowie Dep., pp. 15-17, 20-22, 23-24, 38-39; Doc. # 25, Ex. G, pp. 3, 7 & 13).[2]  Plaintiff Bowie began working at the Personnel Department on August 10, 1987, and during the relevant time period, he held the position of Senior Personnel Analyst. (October 10, 2006 Bowie Dep., p. 27).  Sims made the decision to terminate Bowie's employment from the Personnel Board (Sims Dep.(*Bowie* case) p. 50), and Bowie was presented a Notice of Position of Elimination on October 31, 2003. (October 10, 2006 Bowie Dep., pp. 170-176, Ex. 15).[3]

---

[2] Although Bowie admits that Sims took those actions while he was Receiver, Bowie nonetheless disputes that Sims "was authorized to take all of these actions **in the manner** that he did."  (Doc. # 27, at 3) (emphasis added).  As outlined in Section III and particularly Footnote 6 *infra*, Plaintiff's dispute regarding whether Sims was authorized to take those actions in the manner in which he did is not material to the limited issue of Board liability which is the only matter presently before the court.

[3] Again, Bowie's dispute that the termination of his employment was pursuant to *a bona fide* reduction in force is immaterial. Defendant maintains that in addition to Bowie's position, the positions of five other employees were eliminated in 2003 as part of what *was* a reduction in force (October 10, 2006 Bowie Dep., p. 171; Doc. # 25, Ex. G, p. 7), that was necessitated by lack of work for those positions affected and decided after Sims evaluated the workload both at the time of the reduction in force and in the future for those classifications that were eliminated. (Sims Dep. (*Henry* case) p. 48, 62; Doc. # 25, Ex. G, pp. 7-8.)  In any event, Plaintiff does not dispute that Sims made the decision to eliminate his position; therefore, and any dispute Plaintiff has with the manner in

On May 20, 2005, Bowie filed a complaint in this court alleging that both the Defendant Board and Defendant Sims (in both his individual and official capacities) denied him promotions, retaliated against him for complaints of discrimination, terminated him, and subjected him to other adverse terms and conditions of employment in violation of Title VII, 42 U.S.C. § 1981, and the Fourteenth Amendment to the United States Constitution (through the vehicle of 42 U.S.C. § 1983). (Doc. # 1).   On December 7, 2005, the court dismissed all of Plaintiff's claims against Sims in both of the capacities alleged in the complaint because:  (1) the claims against Sims in his official capacity amounted to nothing more than claims against the Board as an entity; and (2) Sims was entitled to judicial immunity as to the individual capacity claims based upon Judge Smith's appointment order granting him as Receiver "the status of an officer and agent of this court," and vesting him "with such immunities as by law vest with this court," (July 8, 2002 Order at ¶ 12). (Docs. # 13, 14; October 10, 2006 Bowie Dep., pp. 289-290).

After the court's dismissal of Sims, but before the filing of the Board's motion for summary judgment in this case, the undersigned took under submission a motion for summary judgment filed by the Board in a related case also pending before the court, *Sandra Henry v. Jefferson County Personnel Board*, 2:05-CV-01788-RDP.  In *Henry*, plaintiff Sandra Henry, also a former Board employee, brought claims against the Board alone - not against Sims - under the Age Discrimination in Employment Act, 29 U.S.C. § 621 and Alabama's Age Discrimination Act of 1997, Ala. Code § 25-1-20 et seq., alleging that the Board was liable for Sims' decisions to eliminate her positions as part of two separate reductions in force.  (*Sandra Henry v. Jefferson County Personnel Board*,

---

which that decision was made is simply not material to the court's analysis of the *Board's* liability.

2:05-CV-01788-RDP, Doc. # 1).[4]  On August 1, 2006, the Board filed a motion for summary judgment in *Henry* alleging that it was not liable for employment decisions made by Receiver Sims during his tenure at the Board. (*Sandra Henry v. Jefferson County Personnel Board*, 2:05-CV-01788-RDP, Docs. # 13, 30, 31). By order dated October 11, 2006, the court sought additional briefing in *Henry* on the following issue about which it noted concern:  "if, as this court has previously determined, Ronald Sims is due judicial immunity for employment decisions rendered during his tenure as Receiver of the Board (*see Bowie v. Ronald Sims, et al.,* 2:05-CV-1050-RDP, Docs. # 13, 14 (N.D.Ala. December 7, 2005)), and if, as Judge Smith's July 8, 2002 Order appointing Sims as Receiver clearly outlines, the Board was stripped of any right to make employment decisions regarding Board members during the time that Sims was Receiver (*see United States v. Jefferson County*, 2:75-CV-666-CLS, Doc. # 935, at 2, 11-12 (N.D.Ala. July 8, 2002)), can the Board be held liable for any employment decisions made by Sims during his tenure?"  (Doc. # 24).

In response to the filing of the Board's motion for summary judgment in *Henry* and at the parties' request, on October 19, 2006, the court stayed the proceedings in this case pending the outcome of the potentially dispositive issue of Board liability in the *Henry* case.  On February 23, 2007, the court issued a Memorandum Opinion and Order in *Henry* granting the Board's motion for summary judgment and finding that the Board was not liable for the employment decisions made by Sims during his tenure as Receiver:

---

[4] Specifically, Henry alleged that she was effectively demoted twice -- when her position as Administrative Coordinator was eliminated as part of a first reduction in force in 2003 and she accepted the position of Examination and Certification Assistant and again in 2004 when her position of Examination of Certification Assistant was eliminated as part of a second reduction in force and she asked to be transferred to the Jefferson County Commission as an Administrative Assistant II. (*Sandra Henry v. Jefferson County Personnel Board*, 2:05-CV-01788-RDP, Doc. # 1).

On July 8, 2002 . . ., Judge Lynwood Smith of the United States District Court for the Northern District of Alabama entered an order appointing Ronald R. Sims, Ph.D., as Receiver of the Board. (Untied States v. Jefferson County, 2:75-CV-666-CLS, Doc. #935 (N.D.Ala. July 8, 2002)(the "Order" or "Judge Smith's Order"). Pursuant to the Order, Sims received "all powers vested by Act No. 248 (Enabling Act) in the three members of the Personnel Board and Personnel Director, including the power to hire, promote, demote, transfer, and remove subordinates as necessary." (United States v. Jefferson County, 2:75-CV-666-CLS, Doc. #935, at 2, 11-12 (N.D.Ala. July 8, 2002); June 7, 2006 Henry Dep., pp. 17-18). During his tenure as Receiver, Sims transferred employees within the Board, hired consultants, hired a Deputy Director, hired new employees, terminated employees, and created two new departments. (June 7, 2006 Henry Dep., pp. 19, 20, 26, 27).

. . . .

The positions of five other employees – Joyce Smith (51), Barbara Carmichael (45), Darryl Bowie (41), Gregory James (54), and Keisha Cherry (31) – were eliminated by the 2003 RIF. (June 7, 2006 Henry Dep., p. 39; Oliver Aff.). Sims testified he made the decision to implement a reduction-in-force due to lack of work for those positions affected. (Sims Dep., p. 48). He identified which classifications would be eliminated by evaluating the present workload in addition to anticipating whether future work would exist for those positions. (Sims Dep., p. 62).

. . . .

It is undisputed that Sims, in accordance with Judge Smith's Order, was in fact the sole decision-maker who implemented the decisions about which Plaintiff complains in this case including the reductions-in-force (June 7, 2006 Henry Dep., at pp. 37, 61; Sims Dep., at pp. 48, 97). . . . In fact, Sims was the sole person to implement various organizational changes at the Board including transferring, hiring, and terminating employees, hiring consultants and a Deputy Director, creating new departments and implementing two reductions-in-force (June 7, 2006 Henry Dep., at pp. 18-20, 22-27).

. . . .

Thus, because the Board was prohibited from any participation in the decisions at issue in this case, and because Sims was the only decisionmaker with regard to those decisions, it follows as a matter of law, fact and logic that the Board cannot be liable for actions that it did not and could not take. . . . It is beyond dispute that Judge Smith's Order vests Sims with "the status of an officer and agent of this Court." and "such immunities as by law vested with this Court." *United States v. Jefferson County*, 2:75-CV-666-CLS, Doc. #935, at 4-6, 13 (N.D.Ala. July 8, 2002). This court recently concluded in the case of *Bowie v. Ronald Sims, et al.*, 2:05-CV-1050-RDP, that Judge Smith's Order bestows upon Sims judicial immunity for employment decisions rendered during his tenure at Receiver of the Board. *See Bowie v. Ronald*

7

*Sims, et al.*, 2:05-CV-1050- RDP, Docs. #13, 14 (N.D.Ala. December 7, 2005); *see also Carmichael v. Regional Board of Jefferson County*, 2:05-CV-2371-SLB; Doc. #27 at pp. 7-9 (N.D.Ala. September 26, 2006) (Blackburn, C.J.)(holding Sims is due judicial immunity in his individual capacity).

. . . .

The Board is also due the protection of "vicarious immunity" as an extension of the immunity bestowed on Sims by Judge Smith's Order.

(*Sandra Henry v. Jefferson County Personnel Board*, 2:05-CV-01788-RDP, Doc. # 30 at 3, 7-8, 12, FN9, 13, 14 & 16).  Thereafter on March 22, 2007, plaintiff Henry filed her Notice of Appeal to the Eleventh Circuit challenging the court's summary judgment ruling in favor of the Board in her case. (*Sandra Henry v. Jefferson County Personnel Board*, 2:05-CV-01788-RDP, Doc. # 32).

Given that the issues of Board liability in the instant case are substantially similar to the liability issues already decided by this court in *Henry*, the parties have agreed to seek a ruling from the court regarding Board liability before they even address the merits of Bowie's claims. Defendant's brief notes:  "If the [c]ourt finds that the immunity issue in *Henry* is also dispositive in *Bowie*, it is the Personnel Board's understanding that Plaintiff will appeal that decision and seek consolidation of the *Henry* and *Bowie* matters . . . . Accordingly, the Personnel Board does not address the merits of Mr. Bowie's race and retaliation claims, as the immunity issue is dispositive." (Doc. # 24, at 8-9).

8

III.     **Applicable Substantive Law and Discussion**

As Defendant states in its brief, the only issue before the court on the Board's motion for summary judgment in this case is the Board's "assertion of immunity as a complete defense to the claims levied against it by Plaintiff:"

> The Personnel Board seeks an Order in the instant matter dismissing the Personnel Board based on **immunity** grounds consistent with this [c]ourt's Order and Memorandum Opinion entered in the *Henry* matter on February 23, 2007.
>
> Simply put, the Personnel Board is immune from Mr. Bowie's claims as it was stripped of any power or right to affect the terms and conditions of Mr. Bowie's employment while employed at the Personnel Board during the Receivership. Instead, Dr. Sims had the exclusive power and duty to effectuate employment decisions at the Personnel Board during the Receivership.

(Doc. # 24, at 9) (emphasis in original).   As the court noted in its summary judgment opinion in the *Henry* case, the answer to the question of Board liability is not only found in the very document that appointed Sims to the position of Receiver, but it is mandated by it.  That Order - issued by Judge Smith of this court - makes clear that Sims was the sole party responsible for making employment decisions during the relevant time period, while the Board was stripped of the ability to have any input into (or role in making) those decisions.  Thus, the court finds in this case, just as it found in *Henry*, that the Board is not - and cannot be - liable for the employment actions of Sims about which Bowie complains.   For the sake of completeness, the court will outline again the basis for its finding below.

First, the court finds that the Board cannot be liable for the actions of Sims as Receiver because the Board had been stripped of any right or ability to make decisions about *any aspect*  of Bowie's employment with the Board during the relevant time period.  Here Sims, pursuant to Judge Smith's Order, was vested with "all authority necessary to ensure that the Board fully, faithfully, and

lawfully complies in a timely, efficient and cost effective manner and with all functions and obligations required of the Board in terms of the Board's 1981 Consent Decree . . . [including] full power to direct, control, operate, manage, and administer the property, funds, and employees of the Board [and] all powers vested by Act No. 248 in the three members of the Board and Personnel Director, including the power to hire, promote, demote, transfer, and remove subordinates as necessary," and was assigned to "perform the financial, contractual, legal, administrative, personnel duties of the Personnel Director and Personnel Board [including] assess[ing] the present organizational structure of the Personnel Board." (*United States v. Jefferson County*, 2:75-CV-666-CLS, Doc. # 935, at 2, 4-6, 11-12 (N.D.Ala. July 8, 2002). At the same time, Judge Smith's Order makes clear that *the Board itself was divested of all the above-mentioned powers concerning Board employees*: "the members of the Jefferson County Personnel Board shall not perform the foregoing functions" with regard to Board employees. (*United States v. Jefferson County*, 2:75-CV-666-CLS, Doc. # 935, at 11 (N.D.Ala. July 8, 2002).

As a general rule, a corporation cannot be held liable for the acts of a receiver when the corporation had no power to act. *See* 65 Am. Jur. 2d Receivers § 285 (2005); see also *Atlanta, B. & A.R. Co. v. McGill*, 69 So. 874, 874 (Ala. 1915) (holding that a railroad corporation in receivership as appointed by a federal court did not have control over the acts of a receiver and therefore cannot be held liable for the actions of that receiver and noting it would be "a great injustice . . . to deprive the railroad corporation of the custody and control of its property" and then hold it liable for acts of the receiver and its agents); *Barnett v. Alabama Power Co.*, 104 So. 131 (Ala. 1925) ("[T]he owner who has been dispossessed by a receiver is not liable for the wrongful conduct of the receiver or his servants in the use or operation of the property."). The court acknowledges that these decisions

involve an application of state law, but also concludes that the rule of decision on this federal issue should be similarly analyzed and applied. It is undisputed that Sims, in accordance with Judge Smith's Order, was in fact the sole decision-maker who implemented the decisions about which Plaintiff complains in this case. (Doc. # 27, at 3 ¶¶ 12, 13). Thus, because the Board was prohibited from any participation in the decisions at issue in this case, and because Sims was the only decisionmaker with regard to those decisions, it follows as a matter of law, fact and logic that the Board cannot be liable for actions that it did not and could not take.[5]

---

[5] As in *Henry*, the court notes that it *is perplexed* by Paragraph 12 of Judge Smith's Order, which vests Sims with immunity for employment decisions on the one hand, but then on the other hand requires the Personnel Board and Jefferson County (a non-party here) to indemnify Sims for liabilities, damages, and losses incurred and to pay for all expenses incurred in defending lawsuits or administrative proceedings in which Sims is named as a party "if such suit or proceeding is based on or arises out of any action taken within the scope of the Receivership." (*United States v. Jefferson County*, 2:75-CV-666-CLS, Doc. # 935, at 13 (N.D.Ala. July 8, 2002)). The court fails to understand how, in light of the immunity enjoyed by Sims, Sims could undertake any action within the scope of his Receivership that could lead to the assessment of liabilities, damages, or losses for which the Board would need to indemnify him. In fact, the law is clear that judicial immunity renders Sims absolutely immune from any suit – including one for money damages or injunctive/declaratory relief – "for those acts taken while [he was] acting in [his] judicial capacity unless [he] acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239, 1240-42 (11th Cir. 2000). Judicial immunity applies "even when [Sims'] acts are in error, malicious, or were in excess of his [] jurisdiction." *Bolin*, 225 F.3d at 1239, and thus, so long as Sims acted within the scope of his Receivership duties, judicial immunity absolutely prevents the assessment of any liabilities, damages, or losses against him. *Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 603-04 (11th Cir. 1985).

Thus, although it simply does not follow that the Board could be required to indemnify Sims for liabilities, damages, and losses arising out of any action taken within the scope of his Receivership, the court must interpret the meaning of Paragraph 12 in light of all its language. Reading Judge Smith's Order as a whole, the most reasonable interpretation of the "indemnity" requirement of Paragraph 12 relates to any liabilities, damages, or losses (and expenses) incurred as a result of the procedure for magistrate judge review of due process allegations, which is set forth and sanctioned by Judge Smith's Order in the paragraph that immediately precedes Paragraph 12. Pursuant to Paragraph 11, Board employees who have been subjected to a demotion, suspension, discipline, or termination at the behest of Sims "shall be entitled to a due process hearing before a magistrate judge of this court" and, after a period for objections and appeals, the court "shall enter

Moreover, the court finds, as it did in *Henry*, that based upon the earlier dismissal of Sims as a defendant on the basis of judicial immunity, the Board is also due the protection of "vicarious immunity" under Alabama law as an extension of the immunity bestowed on Sims by Judge Smith's Order. *See Taylor v. City of Mobile*, No. CIV.A. 97-0778-CB-M, 2001 WL 313181 at *1 (S.D. Ala. Mar. 19, 2001)(noting that Alabama courts have extended discretionary function immunity to insulate a municipality or employer from vicarious liability for its agent's actions when the agent is due immunity); *Gore v. City of Hoover*, 559 So. 2d 163, 165-66 (Ala. 1990); *Roden v. White*, 646 So. 2d 605, 611 (Ala. 1994)). Although Bowie focuses the majority of his summary judgment opposition brief on *Sims*' liability, devoting significant time to relitigating the issue of whether Sims is due judicial immunity for the actions taken by him as Receiver (Doc. # 27, at 11-16), this matter was thoroughly argued and analyzed when the court ruled on Defendant Sims' motion to dismiss almost two years ago. (Docs. # 13, 14). The court is not inclined to revisit that decision here and incorporates its earlier ruling herein.[6] (Docs. # 13, 14). *See also Carmichael v. Regional Board*

---

such orders as may be appropriate." (*United States v. Jefferson County*, 2:75-CV-666-CLS, Doc. # 935, at 11-13 (N.D.Ala. July 8, 2002)). Given that Judge Smith's Order specifically sets forth in Paragraph 11 a process for magistrate judge review of alleged due process violations by Sims, it stands to reason that Paragraph 12's requirement that the Board indemnify Sims for any liabilities, damages, or losses incurred in defending lawsuits or administrative proceedings in which Sims is named as a party refers specifically to those due process hearings. In any event, the language of Paragraph 12 does not provide a separate basis for liability against the Board in this case, especially in light of the Order's clear intention to strip the Board of any right to be involved in employment decisions including the ones about which Plaintiff complains here.

[6] In any event, the court's prior ruling and analysis regarding Sims' motion to dismiss applies with equal force to the current arguments made by Bowie in opposition to the Board's motion for summary judgment, because they are nothing more than a repackaged version of the arguments he made earlier in this case. The court's opinion dismissing Sims *in his individual capacity* because of judicial immunity noted that Judge Smith's Order granted Sims "the status of an officer and agent of this court," vesting him "with such immunities as by law vest with this court" (July 8, 2002 Order at ¶ 12), and found that, given the status bestowed upon Sims by Judge Smith's Order, Eleventh

Circuit law makes clear that court-appointed receivers are entitled to judicial immunity to the same degree as the appointing judge including immunity "from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction," *Bolin v. Story*, 225 F.3d 1234, 1239, 1240-42 (11th Cir. 2000); *see also Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 602 (11th Cir. 1985) ("[C]ourt-appointed receivers . . . enjoy judicial immunity for acts within the scope of their authority, and that . . . authority extends to carrying out faithfully and carefully the orders of the appointing judge."). Because judicial immunity applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction," *Bolin*, 225 F.3d at 1239; *see also Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (finding that members of parole board and individual parole officers were entitled to absolute judicial immunity from false imprisonment claims, even though revocation of plaintiff's parole was in error), the court rejected Bowie's argument - which he replicates here - that judicial immunity does not apply to Sims because he did not carry out his duties "faithfully and carefully." As the court noted in its motion to dismiss opinion, the Eleventh Circuit has made clear that the *quality* or *efficacy* of the acts is not at issue – the only relevant question is whether the acts performed were within the scope of Sims' authority as Receiver. *See Property Management & Investments, Inc.*, 752 F.2d at 603-04; *Bolin*, 225 F.3d at 1239. Unless Sims acted outside the scope of his appointed jurisdiction - which he clearly did not - judicial immunity applies. *Property Management & Investments, Inc.*, 752 F.2d at 603-04 ("Since nothing in the complaint indicated that [the receiver] had acted outside of his authority and thus was not immune from suit, the district court acted properly when it granted [the receiver's] 12(b)(6) motion to dismiss on grounds of immunity."); *see, e.g., Stump v. Sparkman*, 435 U.S. 349, 357 n.7 (1978)("If a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune").

This time around, Plaintiff tries a different approach - quietly conceding that Sims may be due judicial immunity for some of the employment decisions he made as Receiver but distinguishing the Sims decisions at issue in this case as "acts that were outside of his Receiver authority" for which no immunity is due. Plaintiff contends that Judge Smith "did not give Sims the authority to violate Title VII, including the anti-retaliation provisions of the Title VII" and limited his "authority to hire and eliminate positions" including his authority to implement reductions in force. (Doc. # 27, at 14-15). Even in its repackaged form, Bowie's argument, as before, cuts no ice at all. It is undisputed that Sims was specifically given the "power to hire, promote, demote, transfer, and remove subordinates as necessary." (July 8, 2002 Order at ¶ 2 (footnotes omitted)). To the extent that Plaintiff takes issue with the manner in which Sims made those decisions - *i.e.*, whether those decisions violated Title VII - Plaintiff is merely quarreling with the *quality* of those decisions, which matters not unless the Receiver acted in *clear absence of all jurisdiction*. Here, that is simply not the case. Thus, even if Sims was erroneous or malicious in his decisions, this court cannot strip him of the judicial immunity afforded to him by Judge Smith's Order.

*of Jefferson County*, 2:05-CV-2371-SLB, Doc. # 27 at pp. 7-8 (N.D. Ala. September 26, 2006) (Blackburn, C.J.) (holding Sims is due judicial immunity in his individual capacity).

_____

Moreover, as before, Plaintiff's citation to *Forrester v. White*, 484 U.S. 219 (1988), for the argument that Sims was acting administratively and outside of the scope of judicial immunity when making the employment decisions in this case, is inapposite. In *Forrester*, the Supreme Court held that a state court judge who, pursuant to state law, had the authority to hire and fire certain court employees, was not due judicial immunity for any hirings and firings of court personnel that were not tied to any particular case or controversy before him. *Forrester*, 484 U.S. at 230. The court reasoned that those acts were administrative in nature, not judicial, and that therefore judicial immunity did not apply. *Forrester*, 484 U.S. at 230. By contrast in this case, there can be no dispute that Sims' actions were *all* taken pursuant to Judge Smith's Order, which ordered him to perform employment actions including implementing organizational changes like reductions-in-force. In fact, the only reason why Sims had the authority to make employment decisions is because the court bestowed that power upon him and made him an officer of the court. Accordingly, the court sees no basis upon which to reconsider or alter its prior ruling that Sims, as a defendant in his individual capacity, is for the actions about which Plaintiff complains in this case.

Plaintiff also attempts to rely on the theory of "successor liability" to challenge the court's dismissal of Plaintiff's claims against Sims *in his official capacity*. This argument, too, is unpersuasive. The court finds no basis to revisit its decision to dismiss the official capacity claims against Sims as "redundant" claims against the Board as an entity. The law is well settled that "[o]fficial capacity suits are against state agencies, not against the people through whom the agencies act." *Hobbs v. Roberts,* 999 F.2d 1526, 1530 11th Cir. 2005). Plaintiff's argument regarding successor liability - which incorporates the authority of Federal Rule of Civil Procedure 25(d) - misinterprets the court's basis for dismissal of the official capacity claims as "evidence" that the Board is the only party who may be held liable in this case. Plaintiff, however, has confounded two different legal issues -- the question of who may be properly named in a complaint and the question of who may be found liable for the actions at issue. Simply because a party is the proper defendant in a case does not mean that party can be held liable. Plaintiff's confusion is evident in this statement from his brief: "In other words, this Court [by dismissing the Sims official capacity claims and finding that the Board is the proper defendant under Rule 25(d)] has found that Sims and the Personnel Board are the same for purposes of this lawsuit . . . .[sic] Even though the Board argues that it should not be held responsible for actions taken while it was not in control." (Doc. # 27, at 9-10). As Defendant points out: "Successor liability does not create a new cause of action against the successor entity, but transfers the liability of the predecessor to the successor . . . . [S]uccessor liability cannot lie where there is no underlying liability. As this Court [] held Dr. Sims is not liable for Mr. Bowie's claims, the Personnel Board cannot be the successor to liability which does not exist." (Doc. # 29, at 4, 9).

14

Accordingly, having considered all of the parties' arguments, the court finds that only one conclusion can be reached in light of Judge Smith's Order.  The Board - which was not only uninvolved in the decisions at issue here, but literally stripped of any right to be involved in those decisions - simply cannot be liable for the actions of the court-appointed Receiver.  Put another way, a party who is not permitted to do anything cannot do anything wrong.  Whether that lack of liability arises out of the simple fact that the Board had no power to - and did not - take the actions of which Plaintiff complains, or whether the Board, as an extension of Sims' judicial immunity, is due vicarious immunity, there is simply no basis to hold liable an entity that was not responsible for the decisions at issue in this case.  As the court has noted repeatedly during the course of both this case and the *Henry* case, the irony of such a result is not lost on this court -- the very Order which appointed Sims as Receiver in an attempt to remedy repeated violations of a long-standing Consent Decree (that requires compliance with anti-discrimination laws), may have actually paved the way for (1) Sims to receive immunity and (2) the Board (which had no authority to make any employment decisions regarding Board employees) not to be subject to liability for any discriminatory decisions by Sims (or his subordinates) which Plaintiff contends took place here.  Unfortunately, however, the language of Judge Smith's Order and proper interpretation of that language leave no other alternative.

Accordingly, the Board is not liable for the Plaintiff's claims in this case and Defendant's motion for summary judgment is due to be granted.

### IV.    Conclusion

For all the reasons stated above, the court finds that Defendant's motion for summary judgment is due to be granted.  A separate order will be entered.

**DONE** and **ORDERED** this 29th day of October, 2007.

<br>

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE